UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00048-LLK

**ROGER GLENN McDONALD**                                                                                       **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number (DN) 20 and 25. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

The Administrative Law Judge (ALJ) found that Plaintiff is not disabled because he retains the ability to perform a significant number of light jobs in the national economy that allow him to "change positions without leaving the workstation or being off-task." [DN 11-2 at 51]. Plaintiff presents new (not before the ALJ) and allegedly material evidence. This Opinion concludes that the evidence is material because, if the evidence had been before the ALJ, there is a reasonable probability that the ALJ would have decided Plaintiff's disability claim differently. Therefore, this Opinion will REMAND the matter, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence.

### The new and allegedly material evidence

Plaintiff requests a remand for consideration of new and material evidence pursuant to Sentence 6 of 42 U.S.C. § 405(g). [DN 20 at 19].

Plaintiff has had four back surgeries. First, he underwent back surgery in 2004, prior to his alleged onset of disability in 2014. DN 11-2 at 69. Second and third, in 2014 and 2015, he underwent fusion surgeries due to disc protrusions at the L3 through L5 levels. [DN 11-2 at 52].

1

In July 2019, after the ALJ's January 2019 decision, Clint P. Hill, M.D., who is associated with Orthopaedic Clinic of Western Kentucky, diagnosed "failed back syndrome status post lumbar fusion L3 to L5 and congenital fusion of L5-S1" and "intractable right lower extremity radicular pain." *Id.* at 35. In Dr. Hill's opinion, "[a]t this point, I think the only course of action will be for [Plaintiff] to have a dorsal column stimulator [and] … if that is successful … we will put a permanent stimulator.") *Id.* Dr. Hill passed away in an airplane crash in October 2019. [DN 20 at 9].

In November 2019, Brandon Strenge, M.D., also associated with Orthopaedic Clinic of Western Kentucky, diagnosed "chronic right-sided low back pain" and "residual right buttock, thigh, and leg radiculopathy." *Id.* at 8. Dr. Strenge performed Plaintiff's fourth and final back surgery, which consisted of removal of the previously installed hardware at the L3 through L5 levels, a lumbar discectomy, a thoracic laminectomy, and insertion of a spinal cord stimulator. *Id.*

The allegedly new and material evidence consists of the above-described post-ALJ decision evidence from Drs. Hill and Strenge and the Orthopaedic Clinic of Western Kentucky.

**Standards governing Sentence 6 remands**

Sentence 6 of 42 U.S.C. § 405(g) authorizes federal courts to remand cases to the Commissioner for consideration of addition evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" before the ALJ. 42 U.S.C. § 405(g), Sentence 6.

Evidence is material if Plaintiff shows that there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 839 (6th Cir. 2016). Generally, "good cause" is shown if "the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Burton v. Comm'r*, No. 4:18-CV-00056-HBB, 2019 WL

1585116, at *10 (W.D. Ky. Apr. 12, 2019) (quoting *Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

**A Sentence 6 remand is warranted in this case.**

As indicated above, the new evidence consists of, among other things, diagnoses of failed back syndrome and intractable right lower extremity radiculopathy, which necessitated removal of previously installed hardware at the L3 through L5 levels, and insertion of a spinal cord stimulator. [DN 11-2 at 8, 35].

"Failed back syndrome," also referred to as "post-laminectomy syndrome," is a "misnomer since it is not actually a syndrome but rather a very generalized term often used to describe the condition of patients who have not had a successful result with spine surgery." *Larsen v. Comm'r*, No. 18-CV-858, 2019 WL 2991714, at *3 (E.D. Wis. July 9, 2019). Failed back syndrome is "characterized by residual and persistent back and/or leg pain following spine surgery." *Lover v. Comm'r*, No. 5:13-CV-1861, 2014 WL 2772704, at *3 (N.D. Ohio June 18, 2014).

In this case, the new evidence is material because there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Miller v. Comm'r*, 811 F.3d 825, 839 (6th Cir. 2016). There is such a reasonable probability because the ALJ found that, notwithstanding his degenerative disc disease, Plaintiff retains the ability to perform light work. [DN 11-2 at 50-51]. In so finding, the ALJ interpreted Plaintiff's medical records as showing "resolution of radicular symptoms" affecting his lower extremities, with exacerbations being associated with "overworking his back." *Id.* at 52. The new evidence tends to undermine the ALJ's interpretation because it indicates the presence of "intractable right lower extremity radicular pain" due to "failed back syndrome." DN 11-2 at 35.

There was good cause for not submitting the new evidence or its equivalent to the ALJ for consideration because the evidence "arises from continued medical treatment of the condition, and was

3

not generated merely for the purpose of attempting to prove disability." *Burton v. Comm'r*, No. 4:18-CV-00056-HBB, 2019 WL 1585116, at *10 (W.D. Ky. Apr. 12, 2019) (quoting *Koulizos v. Sec'y*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

Because Plaintiff has established materiality and good cause, a Sentence 6 remand is warranted in this case.

A conclusion that a remand is warranted finds caselaw support. *See e.g. Sanchez v. Comm'r*, No. 16-2012-SAC, 2017 WL 411343, at *4 (D. Kan. Jan. 31, 2017) ("The diagnosis of lumbar failed back syndrome, first … diagnosed in March 2015 clearly undermine the ALJ's [February 2015] conclusion that plaintiff's fusion surgery was without complication and should be expected to help alleviate plaintiff's back pain.  This case should be remanded in order for the Commissioner to consider this additional evidence."); *David P. v. Comm'r*, No. 7:18-CV-616, 2020 WL 714215, at *10 (W.D. Va. Feb. 12, 2020) ("The [post-ALJ decision medical] impression was that David has lumbosacral pain and spasms, post-laminectomy syndrome, radiculopathy pain, primarily in the left lower extremity and occasionally in the right, and facet syndrome. … This record differs from the earlier records in that the diagnosis includes radiculopathy pain and facet syndrome.  This record is new, and material in that it includes different diagnoses which are consistent with David's complaints of chronic pain.").

**Plaintiff's remaining arguments are unpersuasive.**

In addition to his request for a Sentence 6 remand, Plaintiff argues that a Sentence 4 remand is required because the ALJ's decision is not supported by substantial evidence.  Plaintiff makes three specific arguments.

First, Plaintiff argues that substantial evidence does not support the ALJ's finding that:

The claimant's medically determinable mental impairments of generalized anxiety disorder and major depressive disorder considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere.

4

[DN 11-2 at 50]. Plaintiff had an unfortunate experience in which he witnessed his father burn to death. *Id.* at 73.

While the Court is sympathetic to Plaintiff's situation, his argument is unpersuasive for two reasons. First, Plaintiff carries the burden of proving that his anxiety and depression are severe, or vocationally significant, and that the severity satisfies the duration requirement by persistent at least 12 continuous months. *Walters v. Comm'r*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff does show that substantial evidence would have supported a finding of severe anxiety and depression satisfying the duration requirement, but that is legally insufficient. *See Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009) (The substantial-evidence standard of review "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

In any event, because this Opinion remands this case for consideration of new and material evidence relevant to Plaintiff's physical impairments, there is no reason apparent why, upon remand, the ALJ should not entertain argument regarding his mental impairments.

Second, Plaintiff argues that substantial evidence does not support the ALJ's finding that:

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds. He should be allowed to change positions without leaving the workstation or being off-task. He can occasionally climb ramps and stairs. He can occasionally stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to unprotected heights, dangerous machinery, and vibrations.

*Id.* at 51.

The argument is unpersuasive because Plaintiff carries the burden of proving a more limiting residual functional capacity (RFC), but he points to no supporting medical opinion. *See Jordan v. Comm'r*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant … retains the burden of proving her lack of residual functional capacity.").

Third, Plaintiff argues that substantial evidence does not support the ALJ's finding that he is not disabled in light of his and the vocational expert's (VE's) testimony at the administrative hearing.

5

Specifically, Plaintiff testified that he "[c]an sit maybe 10, 15 minutes at a time in … a recliner," and that, during church services, which last "usually 35, 40 minutes," he cannot sit the whole time and must get up and stand. [DN 11-2 at 89, 107]. The VE testified that a need for position changes from standing to walking and vice versa "more frequent[ly] than every 30 minutes would typically render the person [unable] to perform jobs on a consistent basis." *Id.* at 109.

The argument is unpersuasive because the ALJ did not and was not required to fully credit Plaintiff's testimony regarding his limitations due to pain and other subjective symptoms.

**Order**

Therefore, this matter is hereby REMANDED to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence, a new decision, and any further proceedings deemed necessary and appropriate by the Commissioner.

September 20, 2021

Lanny King, Magistrate Judge
United States District Court