UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:20-cv-48-LLK

ROGER GLENN MCDONALD                                                    PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                        DEFENDANT

MEMORANDUM OPINION AND ORDER
APPROVING REDUCED 42 U.S.C. § 406(b) ATTORNEY FEE

This matter is before the Court upon Motion for Approval of Attorney Fee filed by

Plaintiff's counsel Donna Thornton-Green pursuant to 42 U.S.C. § 406(b). [DN 27]. Counsel seeks

this Court's approval of § 406(b) attorney fee in the amount of $38,308.25, or twenty-five percent

of the total past-due disability and auxiliary benefits awarded to Plaintiff. *Id*. Counsel's Motion is

supported by five exhibits: a June 30, 2024, Social Security letter indicating that $16,272.00 (25%

of past-due benefits) were being withheld for her attorney fee for Roger McDonald's case [DN 27-

2]; a January 13, 2026, Social Security Notice of Change in Benefits to Roger McDonald [DN 27-

3]; a February 4, 2026, Social Security Notice of Award of auxiliary benefits for a child [DN 27-

4]; a February 12, 2026, Fee Petition for services performed before the Social Security

Administration [DN 27-5]; and counsel's Timesheet outlining a total of 45 hours billed to this case

since January of 2020 [DN 27-6]. The Commissioner has filed a Response noting that he "neither

supports nor opposes counsel's request for attorney's fees in the among of $38,308.25 under 42

U.S.C. § 406(b)." [DN 30] at 1. However, the Commissioner does comment on several aspects of

the fee motion: the effective hourly rate is $851.29; the Timesheet reflects 2.75 hours for work in

2026 including billing for preparing the motion for attorney fees; and 1.5 hours billed in association with counsel's motions for extensions of time to file her brief.[1] [DN 30] at 2. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 12].

For the reasons stated below, the Court will GRANT counsel's Motion in part and DENY it in part, approving an award of $21,625.00.

## I. Procedural History

In March and April of 2016, Plaintiff applied for Disability Insurance and Supplemental Security Income benefits with the Social Security Administration. When efforts at the administrative level and Appeals Council were unsuccessful, Plaintiff filed a Complaint in this Court on March 6, 2020, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying his claim for Social Security Disability benefits. [DN 1]. In March of 2021, counsel for Plaintiff McDonald filed a brief on his behalf to which the Commissioner responded. On September 21, 2021, this Court issued a Memorandum Opinion and Order remanding the case to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence, a new decision, and any further proceedings deemed necessary and appropriate by the Commissioner. [DN 26].

Upon remand, the Plaintiff received a Partially Favorable Decision, followed by a Fully Favorable Decision, along with notice that Auxiliary Benefits would be paid to Plaintiff's minor child. [DN 27] at 1-2. The Social Security Administration withheld a total of $38,308.25 in attorney

---

[1] The Court observes that both Plaintiff and the Commissioner requested and received multiple extensions of time in which to file their briefs.

fees from his total past-due benefits award of $129,674.66. *Id*. Local Social Security Attorney Donna Thornton-Green has filed the present fee request seeing approval for an attorney fee of $38,308.25, the maximum fee allowed by statute.

## II.  Applicable Law

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies—including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).[2] The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees under 406(b) are typically sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v.*

---

[2] When an attorney receives fees under both the EAJA and 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002).

*Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under § 406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b) "does not displace contingency-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

As another district court within the Sixth Circuit put it, to determine whether an award under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of Soc. Sec*., No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Courts must review these contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney seeking the fee has the burden of demonstrating that the amount sought is reasonable for the services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall between the double-the-standard-rate floor and below the 25% statutory ceiling. As Judge Beaton in this district recently opined, district courts have discretion to reduce fees, even fees unopposed by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025). *Williams* instructs that courts in the Sixth Circuit have a duty to independently

assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when

they conduct "an individualized analysis of the circumstances of the case," *Id.* at *2 (citing *In re*

*Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at *2-3.

The Sixth Circuit recently had occasion to address contingency-fee agreements for § 406(b)

fee awards in *Tucker v. Commissioner*, 136 F.4th 639 (6th Cir. 2025), and reiterated that

contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable

presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of

the agreement, it should state for the record the deductions being made and the reasons for those

deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned

by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would

otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal

effort expended." *Id.*

Using this framework, judges in this District have followed a four-step analysis to evaluate

the reasonableness of a § 406(b) attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorney's fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third the court may consider other factors,

5

such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-cv-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Calendaria v. Comm'r of Soc. Sec.*, No. 5:17-cv-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. August 14, 2020)).

## III.  Discussion

Plaintiff's counsel Donna Thornton-Green is a Social Security disability practitioner in Paducah, Kentucky, and one of the few remaining local attorneys whose practice includes Social Security appeals to the federal court. She entered into a presumptively reasonable contingency fee agreement[3] with her client for no more than 25% of any past-due benefits recovered for her work. Counsel indicates that her representation of Plaintiff began in May of 2016; after nine years and three administrative hearings, Plaintiff ultimately received a fully favorable ALJ Decision on June 4, 2025. Counsel has filed the present fee request seeking approval of the full 25% fee withheld from Plaintiff's total past due benefits, or $38,308.25. This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b). Notably, Plaintiff McDonald has not filed an objection to the fee sought by his attorney.

---

[3] Though not filed in support of her Petition, counsel's Attorney-Client Contract (Fee Agreement) was located within the Administrative Record, [DN 11-4] at 13. The Agreement states, in pertinent part, as follows:

> In the event the case is denied at all levels before the Social Security Administration and appealed to Federal Court, the parties herein agree that the fee will be 25% of the past-due benefits and not subject to the fee agreement cap provisions set forth above. It is further agreed that in the event attorneys fees are awarded pursuant to 28 U.S.C. § 2412 of the Equal Access to Justice Act, such fees are payable directly to the attorney.

Addressing the number of hours billed, the Commissioner is correct that time spent preparing and filing a motion for attorney fees is not compensable under 42 U.S.C. § 406(b).[4] Accordingly, the Court will deduct the last two time entries totaling 1.75 hours for time spent preparing and filing the motion for attorney fees from the total 45 hours billed in calculating the hypothetical hourly rate. [DN 27-6] at 2. The Court takes no issue with remaining hours billed by counsel given the complexity of Plaintiff's case. Based upon an adjusted 43.25 hours billed, the effective hourly rate sought by counsel is $885.74 per hour ($38,308.25 ÷ 43.25 hours). Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the market where the action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422. "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate sought in this case is more than twice the standard EAJA rate of $140 (it is over six times the EAJA hourly rate); therefore, it is not *per se* reasonable. In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

The quality of representation and results achieved in this complex case were excellent. Plaintiff's counsel billed an adjusted 43.25 hours in order to achieve a highly favorable result for the client (a result which included an auxiliary benefits award). Nonetheless, an attorney seeking

---

[4] Time spent preparing and filing a motion for attorney fees is not compensable under 42 U.S.C. § 406(b). *Carter v. Saul*, 4:15-cv-58-HBB, 2019 WL 4169895, at * 4 (W.D. Ky. Sept. 3, 2019).

the fee under a contingency fee agreement bears the burden of demonstrating that the amount sought is reasonable for the services provided. *Gisbrecht*, 525 U.S. 789, 807. This Court has reduced fee awards to hypothetical rates of $420-$500/hour where the attorney fails to offer evidence to justify a higher hypothetical rate. Counsel has not filed evidence into the record[5] pertaining to her usual and customary hourly rate for non-contingency fee-related legal work, nor has she argued that the billable hourly rates in this area are in excess of the standard $140 per hour used to calculate EAJA fees within this district.[6] The Court does note that the case necessitated a 22 page Plaintiff's Brief that was opposed by the Commissioner. The fact that counsel was successful in obtaining a favorable decision upon remand is noteworthy, particularly given that the odds of obtaining a remand in federal court and then winning before an ALJ are "far less than 50% according to recently published data." *Williams v. Comm'r of Soc. Sec.*, 780 F.Supp.3d 709, 714 (W.D. Ky. 2025). These facts speak to the expertise of the practitioner as well as the complexity of Plaintiff's case.

In recent cases in this Court, attorneys with decades of Social Security experience (like Plaintiff's counsel Donna Thornton-Green) have been allotted $500 per hour in 406(b) cases.[7] As a local practitioner with decades of experience, she has litigated hundreds of cases in this Court. The undersigned has previously awarded Ms. Thornton-Green the "goal post" figure of $500 per hour in 406(b) fees. This is the top hourly rate recently awarded by the undersigned to similarly

---

[5] In recent 406(b) fees requests within this District, requesting attorneys have provided information on their background and experience: years of specialized practice; the numbers of cases litigated at the agency, federal district court, and circuit court; involvement in national disability attorney organizations and trainings; accolades received on the local, regional and national level; and reference to national civil litigation attorney fees matrices.

[6] Using the EAJA fee rate of $140, twice that amount at $280 x 43.25 hours billed in this case before the federal court would mean that a fee of $12,110.00 is *per se* reasonable in this case.

[7] In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour. *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

experienced practitioners. While this Court reluctantly inserts itself into the contingency fee agreement between counsel and her client, both Sixth Circuit and Western District of Kentucky precedent interpreting the rebuttable presumption of reasonableness in contingency-fee agreements under 42 U.S.C. § 406(b) requires that it do so. Based upon the Fee Petition for services performed before the Social Security Administration [DN 27-5] filed herewith, it is assumed that Plaintiff's counsel will also be seeking an attorney fee for the work she performed before the Social Security Administration for the significant time expended at the agency level. Nothing in this Memorandum Opinion and Order should be construed to mean this Court believes counsel's fee for her work before the Agency should be reduced.

## IV.  Conclusion

Having considered the experience of Plaintiff's counsel who litigated this case in federal court, awards in similar cases within this district, the complexity of the case, the support provided in counsel's Motion for Approval of Attorney Fee, and the hypothetical hourly rate, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that counsel's Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b) [DN 27] is GRANTED IN PART and DENIED IN PART. Plaintiff McDonald's attorney Donna Thornton-Green is to be paid a total of $21,625.00 pursuant to 42 U.S.C. § 406(b). Because no EAJA fees were paid to counsel, there is no EAJA offset.

IT IS FURTHER ORDERED that the Commissioner is direct to pay $21,625.00 directly to attorney Donna Thornton-Green out of Plaintiff's past-due benefits (in accordance with agency policy).

May 15, 2026

cc:   Counsel of Record

**Lanny King, Magistrate Judge**
**United States District Court**